UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT D. MANNER, GARY M.
MANNER and HOLLY M. COVIELLO,

    Plaintiffs,

v.                                              Case No: 8:16-cv-2799-T-36AEP

BANK OF AMERICA, N.A.,

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Anthony E. Porcelli on April 27, 2017 (Doc. 23). In the Report and Recommendation, Magistrate Judge Porcelli recommended that the Court grant the parties' Joint Motion for Approval of Nonjudicial Settlement Agreement (Doc. 22). The Magistrate Judge noted that the parties constitute interested persons under the statute. *See* Fla. Stat. § 736.0111(1). Plaintiffs are the Beneficiaries of the three trusts created under the Third Amended and Restated Revocable Trust Agreement of Robert J. Manner, dated April 18, 2006, as amended as of July 31, 2007 (the "Trust Agreement" and "Revocable Trust"), including the trust for the benefit of Gary M. Manner ("Gary's Trust"), the trust for the benefit of Holly M. Coviello ("Holly's Trust"), and the trust for the benefit of Scott D. Manner ("Scott's Trust") (collectively, the "Trusts"). Defendant is the current Trustee for the Trusts. As such, the parties are permitted to seek court approval of their Nonjudicial Settlement Agreement and Release. *See* Fla. Stat. § 736.0111(5). The Magistrate Judge further noted that pursuant to Florida law and the terms of the Nonjudicial Settlement Agreement and Release (Doc. 22, Ex. A), the parties agree to numerous terms and conditions, including but not limited to:

(i) the resignation of Defendant as trustee of the Trusts;

(ii) the appointment of the Coral Gables Trust Company as successor corporate trustee of the Trusts;

(iii) the payment to Defendant of its regular fiduciary compensation from each of the Trusts;

(iv) the payment to Defendant from the assets of the Trusts in equal shares, its attorneys' fees, court costs, and other costs incurred through the transfer of the assets in the Trusts, in accordance with Section 736.0802, Florida Statutes;

(i) the final discharge of Defendant from any and all fiduciary obligations and liabilities related to the Trusts.

The Magistrate Judge concluded that the parties' Nonjudicial Settlement Agreement and Release constituted a valid nonjudicial settlement agreement under Section 736.0111, Florida Statutes, and a valid consent, release, and ratification by the Beneficiaries under Section 736.1012, Florida Statutes. Thereafter, the Magistrate Judge recommended the approval of the Nonjudicial Settlement Agreement and Release (Doc. 22, Ex. A), including all terms and conditions set forth therein. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). No such objections were filed.

Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted. Accordingly, it is now

**ORDERED AND ADJUDGED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 23) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2) The parties' Joint Motion for Approval of Nonjudicial Settlement Agreement (Doc. 22) is GRANTED.

(3) The parties' Nonjudicial Settlement Agreement and Release (Doc. 22, Ex. A) is approved, including all terms and conditions. It constitutes a valid nonjudicial settlement agreement under Section 736.0111, Florida Statutes, and a valid consent, release, and ratification by the Beneficiaries under Section 736.1012, Florida Statutes.

(4) The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** at Tampa, Florida on June 5, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Anthony E. Porcelli
Counsel of Record